IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODEL R. TURNER | * | |
| Plaintiff | | |
| | * | |
| v. | | CIVIL ACTION NO. ELH-14-1486 |
| | * | |
| U.S. MARSHALS OFFICE | * | |
| Defendant | * | |
| | ****** | |

**MEMORANDUM**

Rodel Turner, a self-represented plaintiff residing in Glen Burnie, Maryland, seeks $1,313,000 in damages from the United States Marshal Service ("USMS"), defendant. Turner alleges his civil rights under the Fourteenth Amendment and Equal Protection Clause were violated when the USMS "negligently" failed to ensure appropriate service of process by mail in earlier litigation he filed in this court. Complaint, ECF 1.

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction, however, does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the

Federal Rules of Civil Procedure for "all civil actions"). After reviewing Turrner's pleadings, the court will summarily dismiss the complaint.[1]

Turner's dissatisfaction with the USMS is based on the outcome of *Turner v. Lowden, et al.,* Civil Action No. RDB-12-1372 (D. Md.), a breach of contract and unjust enrichment action concerning a residential home loan filed against Jacob Lowden and "Bank of America" on May 4, 2012.[2] The case was assigned to Judge Richard Bennett. On May 4, 2012, Turner was granted leave to proceed in forma pauperis in that case, and was ordered to provide information to the USMS so that the USMS could serve defendants. *See Turner,* Civil Action No. RDB-12-1372, Order, May 14, 2012, ECF No. 3. Despite the court's suggestion that Turner check with the Maryland State Department of Assessments and Taxation to determine whether Bank of America had a resident agent in Maryland, Turner instead gave the USMS the address of "9700 Bissonnet Street, Suite 1500, Houston Texas 77036" for Bank of America. No summons was provided for defendant Lowden.

The USMS then sent the summons and Complaint to the Bissonnet Street address where it was signed for and received by some unknown entity or person. *See id.,* United States Marshal Service Process Receipt and Return, ECF No. 5. The 9700 Bissonnet Street address, however, was not the address of Bank of America's registered agent in Texas, nor was it an address listed on file with the Maryland State Department of Assessments and Taxation.

---

[1] Turner failed to submit a civil filing fee or move to proceed in forma pauperis and did not provide summons or a civil cover sheet with his complaint. In light of the dismissal of the case, Turner shall not be required to correct these deficiencies.

[2] In that action, Turner alleged that Bank of America charged him an undisclosed $12,700 fee and failed to pay "back bills" to Verizon and Worldcom Wireless. He also alleged that Bank of America had been unjustly enriched by delaying a loan modification and charging double the market interest rate during that period.

Plaintiff requested entry of default against Bank of America. *Id.,* ECF No. 8. On March 27, 2013, the Clerk of Court entered an Order of Default (ECF No. 9) against Bank of America. Bank of America first became aware of the suit and subsequent entry of default on April 16, 2013, when plaintiff walked into a Bank of America branch in Glen Burnie, Maryland and gave a branch employee a copy of the Order of Default. *Id.,* ECF No. 11. Ten days later, Bank of America, NA[3] sought to set aside the Clerk's entry of default (ECF 11) and requested leave to respond to the complaint. *Id.* It later filed a motion to dismiss. *Id.,* ECF No. 12. On May 22, 2013, the court received two letters from plaintiff (*Id.*, ECF Nos. 14, 15) appearing to contest Bank of America's efforts to dismiss the case and requesting the entry of a default judgment. On May 31, 2013, however, the court returned plaintiff's letters due to his failure to provide a certificate of service pursuant to Local Rule 102 (D. Md. 2011) and Rule 5 of the Federal Rules of Civil Procedure. *Id.,* ECF Nos. 16 and 17.

In a Memorandum Opinion and Order entered by Judge Bennett on October 15, 2013 (*see* ECF Nos. 19 and 20), the court granted Bank of America's motion to set aside the Clerk's entry of default as well as leave to respond to the complaint. The court also granted Bank of America's motion to dismiss; it dismissed the case, without prejudice.[4] *Id.,* ECF Nos. 19 and 20.[5] In so ruling, the court found that default judgment was improper because Bank of America

---

[3] As noted by counsel in *Turner v. Lowden, et al.,* RDB-12-1372, "Bank of America" is no longer a recognized legal entity, although its maintains a California address. Counsel assumed that because the complaint referenced a residential home loan, Turner intended to sue "Bank of America N.A," which had a local Maryland resident agent and a principal office located in North Carolina. *Id.,* ECF No. 11-1, p. 2.

[4] Although the case was dismissed without prejudice, Turner did not correct the deficiencies in his pleadings and refile an action against Bank of America NA or Lowden.

[5] The decision was affirmed on appeal. The mandate of the appellate court issued on March 28, 2014. *See Turner v. Lowden, et al.,* RDB-12-1372, ECF Nos. 24 and 25.

did not properly receive service of process based on the incorrect address provided by Turner. *Id.,* ECF No. 19 at 10.  The court then found that although Turner's failure to effectuate service of process provided sufficient grounds for dismissal of this action, Turner's complaint also failed to state claims for which relief may be granted, pursuant to Rule 12(b)(6) and the plausibility standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

It is apparent that Turner's action against Bank of America was dismissed – without prejudice – due to deficiencies in service of process and because of pleading deficiencies.  These matters cannot be attributed to actions on the part of the USMS.  Plaintiff's attempt to hold the USMS accountable for Judge Bennett's dismissal of plaintiff's earlier action is without merit and shall be dismissed.

A separate Order follows.


May 9, 2014        /s/
Date               Ellen Lipton Hollander
                   United States District Judge